# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00236-CV

**Miriam Hoelscher, Appellant**

**v.**

**San Angelo Community Medical Center; Kelli Everett, R.N.; Steve Reyes, CVT; and John/Jane Doe, Appellees**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT NO. D-02-0344-C, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING**

## DISSENTING OPINION

Because I believe that the expert witness report was a good-faith effort to comply with the statute, I respectfully dissent. The supreme court in *Palacios* outlined what constitutes a good-faith effort to provide these necessary elements of the expert's report. *American Transitional Care Ctrs. v. Palacios*, 46 S.W.3d 873, 879-80 (Tex. 2001). A report filed in good faith must provide enough information on these elements to fulfill two purposes: (1) it must inform the defendant of the specific conduct the plaintiff attacks, and (2) it must provide a basis for the trial court to conclude that the claims have merit. *Id*. at 879. The report need not marshal all of the plaintiff's proof, but it must include the expert's opinion on each of the statutory elements. *Id*. "While a 'fair summary' is something less than a full statement of the applicable standard of care and how it was breached,

even a fair summary must set out what care was expected, but not given." *Id*. at 880. The report must "put the defendant or the trial court on notice of the conduct complained of" regarding the requisite elements. *Id*. A report that omits or is conclusory regarding one of the necessary elements is not a good-faith effort. *Id*. at 879.

The dispute in this cause is not whether Hoelscher has a torn rotator cuff, but whether appellees caused the injury by breaching the standard of care. The dispute in this appeal is whether Hoelscher's expert made a good-faith effort to explain how appellees are responsible for the injury.

Although Frumin's reports could be more detailed, neither the statute nor the case-law requires an exhaustive report. The statute expressly requires only that the report be a *good-faith effort* to provide a *fair summary* of the expert's opinions regarding the standard of care, its breach, and causation of any injury. Section 13.01(*l*), (r)(6). The supreme court held that the report in *Palacios* was deficient because the expert failed to relate the injurious event—a hospital patient's fall from bed despite restraints—to a single failing or the breach of a particular standard of care; that the expert failed to state whether the standard of care required closer supervision, more secure restraint, or something else entirely. 46 S.W.3d at 880. By contrast, the reports in this case focus on a single incident and single cause.

I believe that the straightforward nature of this case requires a different result. Frumin's report focuses on the transfer of Hoelscher between the gurney and the procedure table. He articulates a simple standard of care based on his experience: whatever method appellants use to transfer a patient, transfers must be performed in a manner that does not harm the patient's extremities or other body parts. He opines that Hoelscher's injury indicates appellees breached that

responsibility by failing to use proper mechanics and lifting techniques. Although Frumin was not in the procedure room and did not treat Hoelscher at the hospital, he supports his opinion regarding causation with reports filed by doctors who treated, observed, and tested Hoelscher at the hospital. He concludes that the transfer caused the injury because she did not have shoulder pain before the procedure, suffered pain during the transfer, and afterward had pain and a torn rotator cuff. The nature of the allegations makes clear the role of the individual appellees in this claim. Frumin's reports plainly informed appellees that Hoelscher was attacking their manner of transferring her between the gurney and the procedure table, and provided the trial court a basis to conclude that the claims have merit.

Because, in my opinion, the district court abused its discretion by concluding otherwise, I respectfully dissent.

_____

Mack Kidd, Justice

Before Chief Justice Law, Justices Kidd and Puryear

Filed: December 2, 2004